**WO**

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Julio C. Tupac, | No. CV-06-2237-PHX-LOA |
| Plaintiff, | **ORDER TO SHOW CAUSE** |
| vs. | |
| Intel Corp., a corporation; Tony Boudreau; Leslie Kleck; Srinath Bathina, | |
| Defendants. | |

      This matter arises on the Court's review of the file. Plaintiff commenced this action on or about September 19, 2006. (docket #1)  On October 4, 2006, the Court issued a Notice of Assignment and Order (docket #3) ordering that Plaintiff shall file on or before October 18, 2006 his written election to either consent to magistrate judge jurisdiction or elect to proceed before a United States district judge.  The Court further ordered that Plaintiff shall serve upon the Defendants the appropriate consent form, mailed on September 19, 2006 to Plaintiff, at the time of service of his Complaint upon the Defendants.

      As of this date, the Plaintiff has failed to file his written election to either consent to magistrate judge jurisdiction or elect to proceed before a United States district judge.   It is unknown to the Court if Plaintiff has yet served the each of the Defendants with his Complaint and the appropriate consent form.

      Docket #4 is a Certificate of Service of the Summons and Complaint upon Defendant Leslie Kleck on October 6, 2006.  Docket #5 is a Certificate of Service of the Summons and Complaint upon Intel Corp., through "Molly Martinez, authorized to accept

1 service, at her place of employment, located at CT Corporation" on October 6, 2006.   These
2 two Certificates of Service make no mention of the appropriate consent form being served upon
3 these two Defendants.  There is no service documentation as to Defendants Tony Boudreau and
4 Srinath Bathina.

Dismissal of a complaint for failure to comply with the procedural rules of the court is within the court's discretion.  <u>Original Ballet Russe, Ltd. v. Ballet Theatre, Inc.</u>, 133 F.2d 187, 188 (2nd Cir. 1943); <u>Sergio Bautista et al. v. Los Angeles County</u>, 216 F.3rd 837 (9th Cir. 2000).  Moreover, district courts have the inherent power to control their dockets and in the exercise of that power may impose sanctions including, where appropriate, dismissal of a case. <u>Ferdik v. Bonzelet</u>, 963 F.2d 1258, 1260 (9th Cir. 1992).

Because the period within which Plaintiff was to file his written election has passed the Court orders Plaintiff to show cause on or before **November 7, 2006** why sanctions should not be imposed upon Plaintiff for failure to comply with the Court's order.

Accordingly,

**IT IS HEREBY ORDERED** that Plaintiff show cause in writing, on or before **November 7, 2006,** why sanctions should not be imposed upon Plaintiff for failure to comply with the Court's October 4, 2006 Order.  Plaintiff may discharge any sanction by either consenting to magistrate jurisdiction or electing the case be assigned to a district judge on or before November 7, 2006.

DATED this 24th day of October, 2006.

*[signature]*
Lawrence O. Anderson
United States Magistrate Judge

- 2 -